IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARY WHITING,

        Plaintiff,

v.                                   CIVIL ACTION NO. 2:03-0509

W & R CORPORATION, et al,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant, W & R Corporation's, motion for summary judgment [Docket 13]. For the foregoing reasons, the court **DENIES** the defendant's motion. The court **FINDS** that there remains a genuine issue of material fact regarding the employment relationship between the plaintiff and the defendant and the plaintiff's earnings during her employment with the defendant.

**I.    Background**

The plaintiff, Mary Whiting, worked at Shockers Bar in Kanawha County, West Virginia from 1996 to 2003. Shockers, an exotic dance club, is owned by the defendant, W & R Corporation. There are very few facts regarding the plaintiff's employment that are undisputed by the parties. These undisputed facts are as follows. First, the parties agree that Mary Whiting signed an independent contractor agreement at the outset of her employment. Second, it is undisputed that Ms. Whiting kept the cash tips she received from patrons. At this point, the parties' description of Ms. Whiting's work history with W & R Corporation diverge. The

plaintiff argues that she was an employee of the establishment, that she was a waitress, that she did not set her own schedule, but was told by the defendants' agents what days to work and for how long, and that the plaintiff was required to follow defendant's dress code and was provided a uniform bearing the Shockers logo. The plaintiff further argues that she was not compensated at a level consistent with minimum wage requirements and that the defendant was not entitled to tip set-offs. Although the plaintiff admits signing a form stating that she was an independent contractor and admits that the defendant did not withhold taxes from her pay, the plaintiff disputes the relevance of this information to the determination of whether she was an employee for the purposes of the Fair Labor Standards Act or the West Virginia Minimum Wage and Maximum Hours Act. In contrast, the defendant claims that Ms. Whiting was not a waitress, but was an exotic dancer, that she was an independent contractor, that she set her own schedule, that she chose and provided her own costumes, props, and music, and that she was compensated at a level that surpassed the minimum wage requirements.

**II.     Analysis**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256.  Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

The defendant argues that summary judgment is appropriate in the present case because under the Fair Labor Standards Act and the West Virginia Minimum Wage and Maximum Hours Act, the plaintiff, Mary Whiting, was not an employee of W & R Corporation.  The defendant further argues that even if Mary Whiting qualifies as an employee for the purpose of these acts, she was compensated in an amount greater than minimum wage.  In contrast, the plaintiff argues that she fits the definition of an employee provided by these Acts and that the defendant was not entitled to a tip set-off because it never paid any wages to Ms. Whiting.

The requirements and protections of the Fair Labor Standards Act (FLSA) apply only to employees.  The statute defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).  The FLSA further defines "to employ" as "to suffer or permit to work." 29 U.S.C. § 203(g).  Finally, the Act defines "employer" as "any person acting . . . in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  Because these definitions are broad and do little to "solve[] problems as to the limits of the employer-employee relationship under the [FLSA]," the Supreme Court has explained that courts must determine whether, as a

matter of "economic reality," an individual is an employee or an independent contractor in business for himself. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947). Since the Supreme Court's decision in *Rutherford*, courts have developed several factors to guide the economic reality inquiry. These factors include: (1) the nature and degree of the alleged employer's control as to the manner in which the work is performed; (2) the alleged employee's opportunity for profit or loss, depending on his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business. *See Bartels v. Birmingham*, 332 U.S. 126 (1947); *United States v. Silk*, 331 U.S. 704 (1947); *Donovan v. Dial-America Marketing, Inc.*, 757 F.2d 1376 (3d. Cir.); *Donovan v. Brandel*, 736 F.2d 1114 (6th Cir. 1984).

     The parties' factual disputes prevent the court from weighing and considering almost all the factors listed above. For example, the parties dispute the nature and degree of W & R Corporation's control over the manner in which Ms. Whiting performed her work. In fact, the parties even dispute what type of work Ms. Whiting performed for W & R Corporation. The plaintiff alleges that she was a waitress under the direct control of W & R Corporation. Ms. Whiting claims that the defendant and its agents made her schedule, provided her uniform, and instructed her to wait on various customers and wipe down tables. In contrast, the defendant claims that Ms. Whiting was an exotic dancer who made her own schedule and provided her own costume and props. The court further cannot determine if the employment required a special skill and cannot assess the extent to which the service rendered is an integral part of the

employer's business, as there is a factual dispute regarding the type of work that Ms. Whiting provided to W & R Corporation. Accordingly, the court finds that there remains a genuine issue of material fact as to whether or not the plaintiff was an employee of the defendant or simply an independent contractor in business for herself. The parties have presented the court with conflicting factual descriptions of the hallmarks of the plaintiff's employment with W & R Corporation, and such factual disputes are best resolved by a jury. For the court to resolve this matter on the record before it, the court would be forced to engage in impermissible weighing of the conflicting evidence. Accordingly, the court declines to award the defendant summary judgment based on an independent contractor exception to the Fair Labor Standards Act.

The plaintiff has also stated a claim pursuant to the West Virginia Minimum Wage and Maximum Hours Act. Without offering or pointing to any evidence in the record, the defendant states that it is entitled to summary judgment on this claim because more than eighty percent of W & R Corporation's employees are subject to the FLSA relating to minimum wage and maximum hours, and therefore, "under §21-5C-1(e), W & R is not included in the West Virginia Act." This section of the Act provides that the "term 'employer' shall not include any individual, partnership, association, corporation, person, or group of persons or similar unit if eighty percent of the persons employed by him are subject to any federal act relating to minimum wage, maximum hours and overtime compensation." §21-5C-1(e). The defendant argues that 100 percent of the employees of W & R Corporation are covered by the minimum wage and maximum hours requirement of the FLSA because the dancers it employs are independent contractors, and thus not employees under the act.

The defendant's argument, however, relies in large part on the same disputed facts discussed above–W & R Corporation excludes from its definition of employees those individuals it defines as independent contractors. As noted above, there are factual disputes regarding the employment relationship between the W & R Corporation and the dancers and/or waitresses that worked at Shockers. Because the court finds that a genuine issue of material fact still remains in dispute regarding the degree of control W & R Corporation had over its dancers and/or waitresses and the employment relationship between the plaintiff and W & R Corporation, the court also declines to grant summary judgment on this claim.

**III. Conclusion**

Accordingly, the court **DENIES** the defendant's motion for summary judgment [Docket 13]. The court **FINDS** that there remains a genuine issue of material fact as to the employment relationship between the plaintiff and the defendant and the plaintiff's earnings during her employment with the defendant. The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: April 18, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE